### FRANK HAYDEN, Inc., v. ROBINSON.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

COURTS ☞189(15)—MUNICIPAL COURT—DEFAULT JUDGMENT—SETTING ASIDE—CONDITIONS.

    A Municipal Court default judgment, entered over an affidavit that defendant's attorney expected to be engaged that day in the Supreme Court, should be opened, without requiring a bond to secure any judgment obtained, where counsel was actually so engaged.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(15).]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Frank Hayden, Incorporated, against Kathryn Pearl Robinson. From an order opening a default judgment upon condition, the defendant appeals. Modified.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

P. Francis Marro, of New York City (Edgar J. Treacy, of New York City, of counsel), for appellant.

Mayer C. Goldman, of New York City, for respondent.

PER CURIAM. Defendant appeals from so much of an order opening her default as imposes as a condition that she file a surety company bond as security for any judgment that the plaintiff may obtain in the action. When this case was reached for trial on April 13, 1916, the defendant's attorney filed an affidavit, in which he recited that on April 12, 1916, there were three actions on trial in the Supreme Court in which he was engaged, and that the trial justice in those actions had ordered that the trial proceed on April 13, 1916, and that upon "information and belief he will be actually engaged in the trial

of those actions." The court below, regarding this affidavit as insufficient, refused an adjournment and an inquest was taken. Upon the motion to open the default it appeared that defendant's counsel was actually engaged in the trial of the Supreme Court cases on April 13, 1916. Under such circumstances the default should have been opened without the imposition of terms.

Order modified, by striking therefrom the imposition of any terms as a condition for opening the defendant's default, and, as so modified, affirmed, with $10 costs to appellant to abide the event.